# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| George Morris, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CA No. 4:18-cv-720 |
| | § | |
| v. | § | |
| | § | Class Action |
| Key Insurance Advisors LLC, | § | Jury Demanded |
| | § | |
| Defendant. | § | |

**PLAINTIFF GEORGE MORRIS'**
**CLASS ACTION COMPLAINT**

George Morris ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). He is also suing under Section 305-053(c) of the Texas Business & Commerce Code.

**1. Background**

1.1. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress

intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

1.2. Plaintiff's cell phone number is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. Key Insurance Advisors LLC ("**Defendant**") or its telemarketing representative or lead generator called Plaintiff's cell phone on approximately 12 occasions beginning on April April 27, 2018 and made marketing solicitations, i.e., calls for the purpose of the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

1.3. The calls were made with an ATDS.

1.4. Because Plaintiff had not given his consent to receive these calls from Defendant, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

1.5. This is the exact scenarios Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

1.6. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

1.7. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

2. **Parties**

2.1. Plaintiff is a resident of this District. The calls were received in this District.

2.2. Upon information and belief Defendant is a corporation that solicits business in the State of Texas. Defendant can be served by serving its registered agent, Andre Mitchell, 1001 NW 62nd ST, STE 310, Fort Lauderdale, FL 33309.

3. **Jurisdiction and Venue**

   3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

   3.2. Supplemental jurisdiction exits pursuant to 28 U.S.C. § 1367.

   3.3. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made calls to a resident of this District.

4. **Article III Standing**

   4.1. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

   4.2. Plaintiff was harmed by Defendant's actions of calling his cell phone while his number was on the Do Not Call Registry, without consent in the following manners:

      4.2.1. Plaintiff's privacy was invaded by Defendant;

      4.2.2. Plaintiff was harassed and abused by Defendant's telephone calls;

      4.2.3. Defendant's calls were a nuisance to Plaintiff;

    4.2.4. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

    4.2.5. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

    4.2.6. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

    4.2.7. Defendant's seizure of Plaintiff's telephone line was intrusive; and

    4.2.8. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

**5. The Telephone Consumer Protection Act**

  5.1. Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robo-calls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

5.2. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

5.3. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robo-calls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

6. **The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's express written consent**

6.1. The national Do Not Call Registry (the "**Registry**") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or

    until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

6.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

6.3. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

6.4. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

7. **Factual Allegations; Defendant placed telemarketing calls to the Plaintiff**

7.1. Plaintiff is the owner of and user of the cellular telephone number 682-XXX-5174. The cellular number is used as a residential phone number. Each of the telephone calls referenced below was made to Plaintiff's telephone number 682-XXX-5174. None of the calls at issue were placed by Defendant to Plaintiff's phone number for "emergency purposes."

7.2. Beginning on April 27, 2018, Plaintiff began receiving telephone calls directly from Defendant or from Defendant's telemarketing representatives who made the telephone calls as the agent for and on behalf of Defendant (all references herein to Defendant include Defendant's telemarketing representatives).

7.3. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was selling insurance policies.

7.4. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called. Plaintiff had no previous relations with Defendant.

7.5. All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the calls.

7.6. All of the calls were made by Defendant or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant.

7.7. All of the calls were willful and knowing violations of the TCPA.

7.8. Plaintiff received calls on 4/27/18, 8/23/18, 8/23/18, 8/23/18, 8/24/18, 8/27/18, 8/29/18, and 9/12/18. Plaintiff received approximately 12 telemarketing calls from Defendant

7.9. Defendant called Plaintiff's cell phone. On at least two of the calls Plaintiff answered the calls, there was silence, an agent then came on the line. These facts are consistent with the use of an automatic telephone dialing system ("ATDS").

8. **Class Action Allegations**

8.1. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States and on behalf of a class of all other persons or entities similarly situated throughout the State of Texas.

8.2. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendant, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call on their residential or cellular line within any twelve-month period from, or on behalf of, Defendant.

8.3. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons within the United States who, within the four years before the filing of this Amended Complaint, Defendant called on their cell phone with the use of an ATDS.

8.4. The class of persons Plaintiff proposes to represent with respect to Count Three is tentatively defined as all persons within the State of Texas whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendant, and who, within the four years before the filing of the initial Complaint, received at least one telemarketing call on their residential or cellular line within any twelve-month period from, or on behalf of, Defendant.

8.5. The classes as defined above are identifiable through phone records and phone number databases.

8.6. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of calls that he received, that the classes are so numerous that individual joinder would be impracticable. The potential class members number at least in the hundreds or thousands.

8.7. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

8.8. Plaintiff is a member of the classes.

8.9. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

8.9.1. Whether Defendant violated the TCPA or the TBCC by engaging in advertising by unsolicited telemarketing calls;

8.9.2. Whether Defendant or its agents, within the four years before the filing of this Complaint, made one or more one telemarketing calls to a recipient's cell phone with the use of an ATDS.

8.9.3. Whether Defendant or its agents, within the four years before the filing of the initial Complaint, made one or more one telemarketing calls within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days and made such calls without the consent of the recipient of the call.

8.9.4. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

8.10. Plaintiff's claims are typical of the claims of class members.

8.11. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

8.12. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

8.13. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

8.14. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

8.15. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

9. **Count One: Violation of the TCPA's Do Not Call provisions**

9.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

9.2. The Defendant violated the TCPA by initiating more than one telephone solicitation in a twelve-month period to persons and entities whose

telephone numbers were listed on the Do Not Call Registry. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

9.3. The Defendant's violations were knowing/willful as did not subscribe to or utilize the Do Not Call database.

9.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

   9.4.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

   9.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

   9.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

   9.4.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

   9.4.5. That the Plaintiff recover his attorneys' fees and costs.

9.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## 10. Count Two: Violation of the TCPA's ATDS provisions

10.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

10.2. The Defendant violated the TCPA by initiating telephone solicitations to cell phone numbers with the use of an ATDS.

10.3. The Defendant's violations were knowing/willful as Defendant was spoofing the calling phone numbers and had no prior business with Plaintiff.

10.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

10.4.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

10.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

10.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23

of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

10.4.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

10.4.5. That the Plaintiff recover his attorneys' fees and costs.

10.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

11. **Count 3: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC")**

   11.1. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

   11.2. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

   11.3. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

   11.4. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

11.5. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

11.6. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendant.

11.7. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

11.8. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

11.8.1. That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

11.8.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

11.8.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule

        23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

    11.8.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

    11.8.5. That the Plaintiff recover his attorneys' fees and costs.

    11.8.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## 12. Count Four Injunctive relief to bar future TCPA violations

  12.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

  12.2. The TCPA and the TBCC authorize injunctive relief to prevent further violations of the TCPA.

  12.3. The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## 13. Jury Demand

  13.1. Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted:

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas State Bar Number 14171200
      Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff